ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U S D C   Atlanta

NOV 0 6 2006

JAMES N. HATTEN, Clerk
By _Kruick_ Deputy Clerk

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

           Plaintiff,

    v.

KOHLER COMPANY

           Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.

**1 06 C V 27 04**

COMPLAINT

JURY TRIAL DEMANDED

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and pregnancy, and to provide appropriate relief to Rachel Lee who was adversely affected by such practices. The Plaintiff alleges that following Lee's announcement that she was pregnant, she was subjected to unlawful discrimination by being placed on probation and terminated from her position due to her sex, female, and pregnancy status, in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Kohler Company ( the "Defendant") has continuously been doing business in the State of Georgia and the cities of Atlanta of Norcross, and has continuously had at least 15 employees.

5.       At all relevant times, Defendant has continuously been an employer

engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than 30 days prior to the institution of this lawsuit, Rachel Lee filed her charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least May 20, 2004, Defendant has engaged in unlawful employment practices at its Norcross, Georgia, facility in violation of Section 703(a) of Title VII. 42 U.S.C. § 2000e-2(a), by terminating Lee due to her sex, female, and pregnancy.

8.     The effects of the practices complained of in paragraph 7, above, have been to deprive Lee of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and/or pregnancy.

9.     The unlawful employment practices complained of in paragraph 7, above, were intentional.

10.     The unlawful employment practices complained of in paragraph 7, above, were carried out with malice and/or reckless indifference to the federally protected rights of Lee.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all other persons in active concert or participation with it, from terminating employees on the basis of sex and/or pregnancy, and any other employment practice which discriminates on the basis of sex and/or pregnancy.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Lee, by providing appropriate back pay with prejudgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Lee.

D.     Order Defendant Employer to make whole Lee, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, including job search expenses and medical expenses not covered by Defendant Employer's employee benefit plan, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Lee, by providing

4

compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.     Order Defendant Employer to pay to Lee punitive damages for Defendant's malicious and/or reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Robert K. Dawkins
Regional Attorney
Michigan Bar No. P38289


U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:   (404) 562-6818
Facsimile:    (404) 562-6905

6