FILED IN CLERK'S OFFICE
U.S.D.C Atlanta

NOV 23 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br>     Plaintiff, ) <br> and ) <br> ) <br> RACHEL LEE, ) <br>     Plaintiff-Intervenor, ) <br> v. ) <br> ) <br> KOHLER COMPANY, ) <br>     Defendant. ) <br> _____ ) | Case No. 1:06-CV-02704-CC |

## CONSENT DECREE

This action was instituted on November 6, 2006 by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Defendant, Kohler Company (the "Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action. A Complaint was filed by Rachel Lee ("Lee"), as Plaintiff-Intervenor, on November 28, 2006.

In its Complaint, the Commission alleged that Lee was placed on probation and then terminated from her employment with Defendant due to her sex, female, and pregnancy in violation of Title VII and the Pregnancy Discrimination Act

("PDA"), 42 U.S.C. § 2000e(k). The Commission also sought make whole relief including, but not limited to, back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief. Defendant filed its Answer to Complaint of Plaintiff EEOC on February 26, 2007. In its Answer, Defendant denied that it had violated Title VII and the PDA as alleged in the Complaint, and requested that the Court deny any relief to the Commission based on the Complaint. Defendant filed its Answer to Complaint of Intervening Plaintiff Rachel Lee on March 23, 2007, denying that it violated Title VII or that Lee was entitled to any relief.

The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will promote and effectuate the purposes of Title VII. The parties want to conclude fully and finally all claims arising out of the charge of discrimination filed with the Commission by Lee, the Commission's Complaint, and Lee's Complaint. They enter into this Consent Decree to further the objectives of Title VII and equal employment opportunity. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant, but constitutes the good faith settlement of a disputed claim.

This Court has jurisdiction over the subject matter of this action and over the parties to this action, as the employment practices alleged to be unlawful in the Complaints filed herein occurred within the jurisdiction of the Northern District of Georgia, Atlanta Division.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

### I. **JURISDICTION AND VENUE**

Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

### II. **DISCLAIMER OF VIOLATION**

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case. Nothing in this Consent

Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

### III. NON-DISCRIMINATION PROVISION

Defendant agrees that it, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, will not discriminate against any individual because of sex or pregnancy. Defendant agrees to comply with Title VII, and that all employment practices, including hiring, termination, and promotion, and all other terms and conditions of employment shall and continue to be conducted in a manner that does not discriminate on the basis of sex or pregnancy.

### IV. NON-RETALIATION PROVISION

Defendant agrees that it, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, will not retaliate against any person because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Consent Decree. Defendant agrees that it will not discriminate against any employee for engaging in protected activity under Title VII. Defendant acknowledges its obligation not to retaliate or take any adverse action against any employee or

applicant in the future because any such individual has filed a charge or opposed a practice believed to be in violation of Title VII.

## V.   **INSTRUCTION TO MANAGEMENT**

Within thirty (30) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its Atlanta, Georgia facility have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII. All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI.   **TRAINING**

During the term of this Consent Decree, Defendant shall hold one (1) training session, the cost of which is to be borne by Defendant, to be attended by every employee (non-supervisory and supervisory employees) assigned to its Atlanta, Georgia facility on their rights and obligations arising under Title VII, including, but not limited to, Defendant's obligations under Title VII not to

discriminate against any employee on the basis of sex or pregnancy. The above referenced training shall be completed within one hundred and twenty (120) days of the entry of this Consent Decree.

Defendant shall provide written certification to the Commission of training completed pursuant to this Section within fifteen (15) days following completion of training. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, and the training topics. If written materials are utilized, the Commission shall be supplied with a copy of such materials.

All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII. REPORTING REQUIREMENT

Every six (6) months for the duration of this Consent Decree, Defendant shall certify in writing to the Regional Attorney whether any person employed at Defendant's Atlanta, Georgia facility has complained about sex or pregnancy discrimination. If an employee has so complained, then the summary report shall include the following information:

(a) The date of the complaint or report;

(b) The name of the person making the complaint or report;

(c) The name and title of the person against whom the complaint or report was made;

(d) The nature of the complaint or report;

(e) The name and title of Defendant's official to whom the complaint or report was made; and

(f) A description of how the complaint or report was resolved by Defendant, including any personnel action taken by Defendant in response to the complaint or report.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VIII. **POSTING OF NOTICES**

Defendant shall post and cause to remain posted at Defendant's Atlanta, Georgia facility the federally mandated EEOC posters that inform employees of their rights under the federal anti-discrimination statutes, including Title VII. The EEOC posters must be posted in conspicuous places in an accessible format where notices to employees and applicants are customarily maintained.

## IX. CHARGING PARTY'S INDIVIDUAL RELIEF

Defendant, in settlement of all claims alleged by the Commission in its Complaint, shall pay Lee the gross amount of $175,000, less all applicable taxes, withholdings or other deductions required by law, within ten (10) business days after entry of this Consent Decree and the parties file a Stipulation of Dismissal with Prejudice of this action pursuant to Fed. R. Civ. P. 41(a)(1)(ii). Within five (5) business days of issuing the checks to Lee, Defendant will mail copies of the checks to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## X. TERM OF DECREE AND PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twenty-four (24) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for twenty-four (24) calendar months from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said twenty-four (24) calendar month period, moved to enforce compliance with the Consent Decree. If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the twenty-four (24) month period have been resolved. At the expiration of the twenty-four (24) month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes regarding compliance remain unresolved, then the Decree shall operate as an automatic dismissal with prejudice.

## XI. COMPLIANCE OFFICIAL

Defendant has designated Frederick T. Smith to be Defendant's Compliance Official who shall be responsible for Defendant's compliance with this Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing Defendant's compliance with the specific terms of this Consent Decree.

## XII. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process. The Commission will notify, in writing by first class mail and facsimile, Defendant's Compliance Official if it has any reason to believe that any act or omission by Defendant is in violation of the Consent Decree. Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation

of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

## XIII. **OTHER ACTIONS**

The Commission shall not commence or prosecute Defendant for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Lee's claims that she was discharged by Defendant due to her sex, female, and pregnancy in violation of Title VII and the PDA, as embodied in EEOC Charge Number 110-2005-02382, which was filed with, and investigated by, the EEOC's Atlanta District Office. This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Title VII (or any other statutes enforced by the Commission) on any such charges.

Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIV. <u>COSTS AND ATTORNEYS' FEES</u>

The EEOC and Defendant shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT:**

Counsel for Plaintiff:

        s/ Robert K. Dawkins
        ROBERT K. DAWKINS
        Georgia Bar Number 076206
        U.S. Equal Employment Opportunity Commission-
        Atlanta District Office
        100 Alabama Street, SW, Suite 4R30
        Atlanta, Georgia   30303
        Telephone:   (404) 562-6818
        Facsimile:   (404) 562-6905

Counsel for Defendant:

        s/ Frederick T. Smith
        FREDERICK T. SMITH
        Georgia Bar Number 657575
        SEYFARTH SHAW LLP
        1545 Peachtree Street, N.E., Suite 700
        Atlanta, Georgia 30309-2401
        Telephone: (404) 888-1021
        Facsimile: (404) 892-7056

SO ORDERED this 23rd day of November, 2009.

        CLARENCE COOPER
        UNITED STATES DISTRICT JUDGE